IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELAGH L. B., ) | |
| ) | No. 22 C 3896 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Shelagh L. B. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On July 15, 2020, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 18-34, 92-127.) The Appeals Council declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since July 15, 2020, the application date. (R. 20.) At step two, the ALJ found that plaintiff has the severe impairments of status post breast cancer with neuropathy, osteopenia, depressive disorder, and generalized anxiety disorder. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 21.) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but has the RFC to perform light work with certain exceptions. (R. 26, 32.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 33.)

Plaintiff contends that the ALJ incorrectly evaluated the combined opinion of plaintiff's treating psychiatrist, Dr. Couch, and therapist, Ms. Silva. They opined that plaintiff was markedly limited in her ability to: maintain attention and concentration for extended periods; complete a normal workweek and workday without disruption from psychologically based symptoms and perform at a consistent pace without needing an unreasonable number and length of rest periods; interact appropriately with the public; accept instructions and respond to criticism from supervisors; get along with coworkers and peers without distracting them or exhibiting behavioral extremes. (R. 626.) The ALJ said this opinion was not persuasive because the authors did not refer to specific treatment notes as support for, and the objective medical evidence did not support, these limitations. (R. 31-32.)

Plaintiff says Couch and Silva were not required to cite the evidence that supported their opinion because "the ALJ was required to be familiar with and evaluate all the relevant evidence." (ECF 16 at 4.) But an ALJ is not qualified to determine what evidence supports a medical opinion, and it is plaintiff's burden to "supply[] adequate records and evidence to prove their claim of disability." *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004).

Alternatively, plaintiff contends that the ALJ should have accepted the Couch/Silva opinion because the authors offered explanations in support of it. (*Id.*) (citing 20 C.F.R. § 416.920c(c)(1)). But the regulation plaintiff cites states that, "[t]he more relevant *the objective medical evidence and supporting explanations* presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1) (emphasis added). It does not say that explanations without evidentiary support have persuasive value.

3

Plaintiff further argues that the ALJ should not have rejected the Couch/Silva opinion because it is consistent with the opinions of the agency medical reviewers. *See* 20 C.F.R. § 416.920c(c)(2) ("The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."). As noted above, Couch/Silva said that plaintiff is markedly limited in her ability to complete a normal workweek and workday without disruption from psychological symptoms, perform at a consistent pace without needing an unreasonable number and length of rest periods, maintain concentration for extended periods, and get along with coworkers without distracting them or exhibiting behavioral extremes. (R. 626.) The agency medical reviewers said plaintiff was moderately or not significantly limited in these areas. (R. 102-03, 122-23.) Moreover, they concluded that:

> The medical evidence, including records from the claimant's own medical source and ADLs, indicates that the claimant can maintain the concentration and persistence necessary to carry out simple tasks in a reasonably punctual fashion and consistent pace in a typical work environment. She would have no difficulty attending work regularly and would require no special supervision beyond what is commonly provided in an ordinary work setting. Overall, her mental MDI would not interfere with her ability to complete routine work tasks.

(R. 102, 123.) In short, the Couch/Silva opinion is not consistent with the opinions of the agency reviewers.

Plaintiff also contends that the ALJ improperly relied on plaintiff's daily activities to reject the Couch/Silva opinion. (*See* R. 31-32 (ALJ stating that plaintiff has sufficient concentration, persistence, and focus to attend and participate in appointments, tend to personal care, prepare food, go out alone, go shopping, do household chores, read, text and use social media, drive, and manage funds).)[1] The Court disagrees. The ALJ did not conclude, as plaintiff argues, that

---

[1] The ALJ improperly considered plaintiff's ability to obtain a certification to bartend and to work as a CNA because the record shows that plaintiff obtained these certifications long before the alleged disability onset date. (R. 32, 43,

4

plaintiff's daily activities precluded a finding of disability. Rather, the ALJ said that the Couch/Silva opinion that plaintiff is markedly limited, *i.e.*, her ability to function independently, appropriately, effectively and on a sustained basis is seriously limited, in interacting with others, concentrating, persisting, and maintaining pace, and adapting or managing herself (R. 627), is inconsistent with her daily activities.

In sum, the ALJ's assessment of the Couch/Silva opinion is not erroneous.

Next, plaintiff contends that the RFC for light work is not grounded in evidence because none of the doctors who opined on the issue said that plaintiff is capable of light work. However, the agency medical reviewers concluded that plaintiff is capable of medium work, which necessarily supports an RFC for light work. (R. 99-101, 118-21.) Similarly, the agency medical reviewers found that plaintiff has no manipulative limitations, which supports their absence from the RFC, and endorsed the RFC's limitation of no exposure to work hazards. (R. 100-01, 118, 120-21.) Thus, the RFC is not a basis for remand.

Plaintiff also contests the ALJ's symptom evaluation. She argues that the ALJ should not have relied on plaintiff's daily activities to reject her symptom allegations because there is no evidence that these activities translated into the ability to perform full-time work. But the ALJ did not say that plaintiff's activities were preclusive of disability, and daily activities are an appropriate consideration in evaluating symptoms. *Scheck*, 357 F.3d at 703. Moreover, the ALJ acknowledged that plaintiff was prescribed psychotropic medications for her mental impairments but also noted that she routinely presented to her treaters with mild symptoms. (R. 28.) Finally, the ALJ considered plaintiff's allegations of fatigue, but found them to be unsupported by the medical evidence. (R. 29.) Therefore, there is no error in the symptom evaluation.

---

244, 384.) Because the ALJ had a sufficient basis for her assessment of the Couch/Silva opinion aside from plaintiff's ability to obtain these certifications, her consideration of them in evaluating that opinion is harmless.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision and terminates this case.

**SO ORDERED.**  **ENTERED:  May 24, 2023**

**M. David Weisman**
**United States Magistrate Judge**